# Freeman *v.* Sloss Sheffield Steel & Iron Co.

### *Action by Employe against Employer for Personal Injuries.*

1. *Employer's Liability Act; engineer not a superintendent.*—An engineer operating and in charge of an engine by means of which a steam shovel is used and operated, and who controls the movement of such steam shovel, is not a person who "has any superintendence entrusted to him," so as to make the employer responsible under subdivision 2 of section 1749 of the Code, to an employe for personal injuries resulting from the negligence of such engineer.

APPEAL from the Circuit Court of Franklin.
Tried before the Hon. ED. B. ALMON.
This action was brought by the appellant, James J.

31c

Freeman, by his next friend, against the appellee, the Sloss Sheffield Steel & Iron Company; and sought to recover damages for personal injuries.

The complaint as originally filed contained but one count, which averred that at the time of receiving the injuries complained of, the defendant was engaged in the business of conducting and working certain iron ore mines and in the conduct of said mines used and operated a certain machine known as a steam shovel; that the plaintiff was in the employment of the defendant as a fireman for the steam engine attached to the steam shovel, by means of which the steam shovel was moved and operated; that as such fireman of said engine, it was a part of plaintiff's duty to oil said engine and steam shovel and keep the same in condition; that at the time complained of plaintiff was in the discharge of his said duties in preparing to oil said engine and in order to do so it was necessary for him to stand on a block on which the wheel of the steam shovel rested; "that at said time the said steam shovel and engine were in charge and control of one John Adams, who was the engineer thereof, and who was employed by, and was in the service and employment of, the said defendant as such engineer of said engine and steam shovel; and that the superintendence of said steam shovel and engine was by the said defendant then and there intrusted to the said John Adams;" that in the use and operation of the steam shovel by the defendant in its mining business, it was at times necessary to move the same from place to place, and it was moved by the engineer turning on the steam from the steam engine; that it was customary and it was the duty of the engineer to give notice to the other servants of the defendant engaged in their duties in and about the steam shovel and engine, that the shovel was about to be moved; that this notice was given "by the engineer in charge and having superintendence thereof blowing or sounding the whistle of said engine;" that at the time the plaintiff received his injuries, and while he was in the discharge of his duties as aforesaid, "the said John Adams, the said engineer, who had the superintendence of said steam shovel and engine, negligently and careless-

ly, without blowing or sounding the whistle of said engine, or giving any signal or notice, by means of sounding or blowing said whistle, or otherwise notifying the plaintiff that he was going to move said steam shovel, suddenly applied the steam of and from said engine to said steam shovel, and moved the same forward, and that thereby the plaintiff was caught by the wheel of said steam shovel;" that as the result of the wheel moving on or over the left foot of the plaintiff, his left foot and the lower part of his left leg were so badly mangled and crushed that it had to be amputated and the plaintiff suffered great mental and physical pain, was permanently injured, rendered incapable of performing any work, and was put to great expense.

The complaint then continues as follows: "And the plaintiff avers that his said injuries were causesd by reason of the negligence of the said John Adams, engineer as aforesaid, while in the service or employment of the defendant, and while in the superintendence of said engine and steam shovel intrusted to him by the defendant, in carelessly and negligently moving said steam shovel without sounding the whistle of said engine, or giving other notice or warning thereof to the plaintiff, and injuring him as aforesaid, to the damage of the plaintiff in the sum of fifteen thousand dollars as aforesaid, for which he brings this suit."

To the complaint as originally filed, the defendant demurred upon the following grounds: 1. For that it is not averred or shown that the engineer had superintendence entrusted to him such as is contemplated by the Employer's Liability Act, nor is it averred that the alleged injuries were caused by the negligence of said engineer while in the exercise of superintendence intrusted to him by the defendant. 2. For that the complaint shows that the injury to plaintiff was caused by the negligence of a fellow servant of plaintiff. 3. For that while said complaint avers that the said Adams had superintendence of said steam shovel and engine in the complaint mentioned, and that the negligence complained of was of the said Adams while in the superintendence of said engine and steam shovel, yet the said complaint shows that the said Adams was not guilty of any negligence in

exercising his alleged superintendence; but that he was negligent in moving or causing to move the steam shovel himself, and not by another under his superintendence or by his direction; and that said complaint is repugnant and inconsistent. 4. For that said complaint shows that the defendant is not liable for the alleged negligence of the said Adams. The complaint was then amended. As amended the complaint was substantially the same as originally filed, the only difference in the averments being in the averment of the allegation as to how the injuries were received and in the averments of negligence. These averments were as follows: "But the plaintiff avers that at the time aforesaid, and while he was so engaged in the discharge of his duty as such fireman of said engine, and was standing on the block by the side of said steam shovel on which one of the wheels of said steam shovel rested, the said John Adams, the said engineer, who had the superintendence of said steam shovel, negligently and carelessly, without blowing or sounding the whistle of said engine, or giving any notice or signal, by means of blowing or sounding of said whistle, or giving any notice or warning in his superintendence of said steam shovel, or otherwise notifying the said James G. Freeman that he was going to move said shovel applied the steam of said engine and suddenly moved said steam shovel forward, and that thereby the plaintiff was caught by the wheel of said steam shovel." "And the plaintiff avers that his said injuries were caused by reason of the negligence of the said John Adams, while in the service or employment of the defendant, and while in the superintendence of said steam shovel intrusted to him by the defendant, in carelessly and negligently causing said steam shovel to be moved without sounding the whistle of said engine, or giving other notice or warning thereof as superintendent of said steam shovel to the plaintiff, and injuring him as aforesaid, to the damage of the plaintiff," &c.

To the complaint as amended the defendant refiled the same grounds of demurrer. The demurrer to the amended complaint was sustained, and the plaintiff declining to further amend his complaint, judgment was rendered

in favor of the defendant. From this judgment the plaintiff appeals, and assigns as error the rulings of the court in sustaining the demurrer to the original and the amended complaints.

THOS. R. ROULHAC, for appellant, cited *Culver v. Ala. Mid. R. Co.,* 108 Ala. 335.

WALKER, TILLMAN, CAMPBELL & WALKER, cited *Dantzler v. DeBardeleben C. & I. Co.,* 101 Ala. 309.

DOWDELL, J.—On the facts averred in the complaint, both as originally filed and amended, we are unable to see any difference in principle between this case, and that of *Dantzler v. DeBardeleben Coal & Iron Co.,* 101 Ala. 309. According to the averments, the plaintiff was in the employment of the defendant as fireman of a steam shovel operated by an engineer for defendant, and which was used in mining iron ore. The complaint does not aver that the engine of which the engineer had charge or control was a locomotive, or engine upon a railway, and therefore not within the provisions of subdivision 5 of section 1749 of the Code. The shovel was moved back and forth by operation of the engine. Evidently it must have been so connected with the engine, as to form a part of the entire machinery equipment necessary to the mining process. It is averred that the engineer had superintendence of the steam shovel, and that through his negligence in the exercise of such superintendence the plaintiff was injured. But the additional facts, as averred, show that the superintendence, and the exercise of such superintendence, consisted in moving the shovel forward and back by operating the engine. The negligence charged, was the failure of the engineer to give the customary signal by blowing the whistle, before moving the steam shovel. Under the principle stated in *Dantzler v. DeBardelben C. & I. Co., supra,* no superintendence within the meaning of the Employer's Liability Act is shown. The injury complained of was the result of the negligent act of a fellow servant, and for which the master is not liable. There was no error in sustaining the demurrer.

The judgment will be affirmed.