# Smith *v.* Pioneer Mining & Mfg. Co.

*Action for Damages by Employe for Personal Injuries.*

(Decided June 12, 1906. 41 So. Rep. 475.)

1. *Master and Servant; Injury to Servant; Negligence of Master's Superintendent; Liability of Master; Statute.*—To create a liability against the master under subd. 2, Sec. 1749, Code 1896, it is not sufficient to show that the injury was caused by the negligence of an employe entrusted with superintendence, it must also appear that the negligence occurred while such employe was in the exercise of such superintendence.

2. *Same.*—The accident happened in this way, the injured employe and others were drying out the sand pits for running molten metal into pigs, and in doing this they were using hot slag from a pile nearby, conveying it to the sand pit in ladles. One of the gang being away, the foreman was handling a ladle helping to dry out the sand, when he spilled some of the molten slag on plaintiff's foot. This drying was not a part of the foreman's business. *Held*, the master was not liable to the employe under sub. 2, Sec. 1749, Code 1896.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

This was a suit for damages for personal injury, brought by appellant against appellee. The complaint is as follows: "Plaintiff claims of the defendant the sum of $5,000 as damages, for that heretofore, to wit, on the 17th day of February, 1903, the defendant corporation was engaged in the business of running and operating a furnace at Thomas, in Jefferson county, Ala., and on said day and date aforesaid the plaintiff was in the employ of defendant and engaged in the work of carrying cinders and drying a trough of defendant, which the plaintiff had washed with clay under direct orders of defendant's superintendent, to wit, one Bob Blair; and while the plaintiff was so engaged in the regular discharge of his duty plaintiff was injured by the

pouring or spilling of hot cinders on his left ankle and left foot, whereby he was permanently injured, was made sore and sick, and suffered great mental and physical pain, and was put to great expense and inconvenience in and about his efforts to heal said wound and injuries. And plaintiff avers that the aforesaid injuries were caused by reason and as a proximate consequence of the negligence of a person in the employment of defendant, to wit, Bob Blair, who was entrusted by the defendant with superintendence; said negligence of said superintendent occurring whilst in the exercise of such superintendence as follows: Whilst said Bob Blair was superintending the washing and drying of a trough or troughs of defendant, he, the said Bob Blair, negligently ran over or against the plaintiff and spilled hot cinders in plaintiff's shoe and on his left ankle and left foot, whilst plaintiff was engaged as aforesaid, and injuring plaintiff as aforesaid—all to plaintiff's great damage in the sum of $5,000 as aforesaid. Hence this suit." There were demurrers to the complaint, which were overruled, pleas of contributory negligence, to which demurrers were interposed and overruled, and the general issue. The evidence tended to show that the plaintiff (appellant) was engaged in helping others dry out said troughs for the purpose of properly running the molten metal from the furnace into pigs. These troughs were of sand wetted for the purpose of properly shaping them, and they had to be dried before running the molten iron into them. This drying process was done by placing in them hot slag, and the slag was obtained from the slag pile near the troughs, by means of small ladles with handle. The plaintiff was using one of these at the time of the injury. Blair was foreman of the drying gang, and, as one of his gang had quit work, he was using a ladle assisting to dry out the sand, when he spilled some of the contents of his ladle, hot slag, upon plaintiff's foot. It was shown that this was not his usual and ordinary employment, but that he was doing this manual labor to fill in at that time. The court gave the affirmative charge for the defendant.

A. O. LANE, for appellant.—The trial court based its action solely upon the fact that the superintendent, at the time he inflicted the injuries, was performing manual labor, and therefore was not in the exercise of superintendence. His action is based upon a superficial view of the *Dantzler Case,* 101 Ala. The text books are in irreconcilable conflict on the subject, but those holding the view taken by the court base their contention upon certain decisions of the Massachusetts courts. Their latest case repudiates the doctrine.—*Roche v. Lowell Bleachery,* 182 Mass.; *O'Brien v. Look,* 171 Mass. 36; *Taylor v. E. & T. H. R. R. Co.,* 121 Ind.

See also the cases of *Sweeney v. G. C. & S. F. Ry. Co.,* 31 Am. St. Rep. 71; *Berea Stone Works v. Kraft,* 31 Ohio St. Rep. 287; *Malone v. Hathaway,* 64 N. Y. 5; *Mullan v. P. & S. M. S. S. Co.,* 78 Penn. 25; *Shumway v. Walworth & N. Mfg. Co.,* 98 Mich. 411; *Purcill v. So. Ry. Co.,* 11 N. C. 728; *Dobbins v. R. & D. R. R. Co.,* 81 N. C. 446; *Hutson v. M. P. R. Co.,* 50 Mo. App. 300; and numerous other decided cases.

CAMPBELL & WALKER, for appellee.—The lower court proceeded upon the idea that Blair was not a superintendent within the meaning of the statute. There must be evidence that he was a superintendent.—*Bouldin's Case,* 110 Ala. 185.

And that if Blair was intrusted with superintendence, plaintiff's injury did not occur whilst Blair was in the exercise of the superintendence with which he was intrusted as contemplated by the statute.—Dresser's Employer's Liability, Sec. 62; *Dantzler Case,* 101 Ala. 316; *Smith's Case,* 59 Ala. 250; *Vail's Case,* 38 So. Rep. 124.

The injury must be traced to some negligent act of superintendence to sustain a recovery under the statute. —*Drennen v. Smith,* 115 Ala. 405; Dresser Em. Liability, Secs. 57-67; *Cashman v. Chase,* 156 Mass. 344.

WEAKLEY, C. J.—To create a liability under subdivision 2 of section 1749 of the Code of 1896 (section 2590, Code 1886), it is not sufficient merely to show that the injury was caused by reason of the negligence of a

person in the service or employment of the master or employer who had superintendence intrusted to him, but it must also appear that the negligence occurred whilst the offending employe was in the exercise of such superintendence. This is the plain requirement of the statute. If it were held to be enough to constitute a cause of action to show that a superintendent had been negligent, without reference to the nature and character of the act he was performing when the negligence occurred, then the effect would be to read the last clause of subdivision 2 out of the statute and give it no field of operation. "The negligence must be that of some agent or employe who is in the exercise of superintendence, and to whose negligence in such exercise the disaster is traced."— *Drennen v. Smith*, 115 Ala. 396, 22 South. 442. In *Dantzler v. DeBardelaben Coal & Iron Co.*, 101 Ala. 309, 14 South. 10, 22 L. R. A. 361, it was contended by the plaintiff that under one phase of the evidence the negligent employe, who had set the engine in motion, was a superintendent, in that he had the direction of his helper, and from this circumstance liability was sought to be imposed upon the defendant. But in response to this contention the court said (page 318 of 101 Ala., page 14 of 14 South. [22 L. R. A. 361]) : "The evidence in this case is without conflict to the effect that, when the engine was moved or was set in motion, Gould's helper was not even on the premises, and that, if the engine was started by Gould, it was the direct, negligent act of a manual laborer, not in any sense done in the exercise of superintendence, conceding that at any time superintendence was intrusted to him. This leaves the case outside of subsection 2 of section 2590. The death of McKay, on this hypothesis, was not caused by the negligence of a person to whom superintendence was intrusted 'while in the exercise of such superintendence.' "

Assuming that Blair was a superintendent within the meaning of the statute, and that he was guilty of negligence, yet we are not of opinion that liability for such negligence has been shown, for the reason that it does not appear it occurred while he was in the exercise of the superintendence with which he had been intrusted.

On the contrary, he was performing a mere act of manual labor, having in it no quality or element of control or direction. The work that was being done by the plaintiff was very simple, and at the time of the injury no orders or directions were given to him. In no proper sense can it be said that Blair was directing or superintending his own act at that time. All that can be said, and the most that can be asserted, is that one doing the work of a laborer of the kind the plaintiff was doing, and working in the place of another laborer, who had desisted from the work, negligently injured the plaintiff. "The employer is not answerable for the negligence of a person intrusted with superintendence, who at the time and in doing the act complained of is not exercising superintendence, but is engaged in mere manual labor, the duty of a common workman."—*Cashman v. Chase*, 156 Mass. 342, 344, 31 N. E. 4; Dresser on Employer's Liability, § 62. The case of *Roche v. Lowell Bleachery*, 181 Mass. 481, 63 N. E. 943, is distinguishable from this and the earlier Massachusetts case above cited, which it is not intended to overrule.

The case of *K. C. M. & B. R. R. Co. v. Burton*, 97 Ala. 240, 12 South. 88, is relied on by appellant as being directly in line with his contention that the facts establish the cause of action laid against the defendant in the complaint. In the twelfth paragraph of the opinion in that case there is an inadvertent omission of the last clause of subdivision 2 in stating the liability of the master under section 2590 of the Code of 1886, which, however, was harmless, because the case did not turn upon the last clause of the section. There the evidence showed (and we have examined the original record to ascertain what the evidence was) that the negligence of the foreman consisted in directing the train crew to place a refrigerator car in a position of dangerous proximity to another track, and hence that his negligence occurred while he was in the exercise of the superintendence intrusted to him by the company. The charges there under consideration pretermitted all consideration of this circumstance, and placed immunity from liability upon the fact alone that the foreman had performed a

[Smith v. Pioneer Mining & Mfg. Co.]

portion of the manual labor necessary to execute his negligent order. It could not have been intended by the paragraph of the opinion under consideration to assert that the negligent performance of manual labor to the injury of another laborer by one who was for certain purposes a superintendent, but outside of the scope of the superintendence, would render the employer liable. The language of the opinion must be construed in the light of the evidence, and thus considered it intended to assert no more than that, where it appears the superintendent is negligent while in the exercise of such superintendence as has been intrusted to him, the mere fact that he assists or co-operates in the manual labor of executing his negligent order will not relieve the employer from liability. That this was the full extent of the decision in *Burton's Case, supra*, furthermore appears from the citation of *Osborn v. Jackson & Todd*, 11 L. R. C. B. 619, which was also a case in which liability was rested upon the finding that the superintendent negligently directed the performance of an act, in which, however he assisted, and that at the time he was in the exercise of superintendence.

We will not discuss the numerous other cases cited by appellants' counsel from other states. They did not arise out of statutes similar to ours. Furthermore, they do not state the common law upon the subject of master and servant as it has been declared in this state. The cases involving the question as to when an employe is a vice principal, so that the master is liable for his negligence, are confessedly in conflict and manifest a contrariety of opinion in different jurisdictions. Our own cases are collected and the subject is discussed in *A. G. S. R. R. Co. v. Vail*, 142 Ala. 134, 38 South. 124.

The circuit court properly gave the affirmative charge for the defendant.

Affirmed.

TYSON, SIMPSON and ANDERSON, JJ., concur.