# Birmingham Coal & Iron Company v. Willis.

*Injury to Servant.*

(Decided November 28, 1912.  60 South. 593.)

*Master and Servant; Superintendence; Acts Constituting.*—The act of the foreman of an employer in turning the blast from the blast furnace into one of the stoves, is not an act of superintendence within the meaning of subdivision 2, section 3910, Code 1907.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Major Willis against the Birmingham Coal & Iron Company for damages for injuries while in its employ. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The counts of the complaint were first, under the superintendence clause of the Employer's Liability Act, and the others counted on a defect in the ways, works, machinery or plant, etc.

J. T. STOKELY, and R. H. SCRIVENER, for appellant. The court was in error in permitting it to be shown that the defendant and the Maryland Casualty Company had an agreement whereby the Maryland Casualty Company would pay all or a portion of any judgment that might be recovered against the defendant.—*Long v. K. C. M. & B.,* 54 South. 62. Counsel discuss other assignments of error relative to evidence, but without citation of authority. The act complained of was not an act of superintendence within the meaning of the law.—*Smith v. Pioneer M. & M. Co.,* 41 South. 475; *Dantzler v. DeBardelaben C. & I. Co.,* 101 Ala. 318; *Palos C. & B. C. Co. v. Benson,* 39 South. 729.

B. C. BURKHART, and R. D. COFFMAN, for appellee. No brief reached the Reporter.

WALKER, P. J.—The charge that the plaintiff was injured as a proximate consequence of the negligence of a person in the service or employment of the defendant who was intrusted by it with superintendence and whilst in the exercise of such superintendence was sought to be supported by evidence of the negligence of one Joe Corunkle in turning a blast into a furnace stove in which at the time the plaintiff was at work.

The evidence offered by the plaintiff was to the effect that Corunkle, as the foreman of what was called the "floating gang," had superintendence over the plaintiff, and that the plaintiff was at work in the stove pursuant to Corunkle's orders to him. At the time the injury

happened Corunkle was acting as the substitute for a laborer, called the "stove man," whose duty was to attend to seven stoves; one of his duties being to shut off or turn on the blast from the furnace into a stove as occasion required. The evidence for the defendant tended to show that when Corunkle, under orders from a superior, took the place of the stove man, he ceased to act as foreman of the floating gang, of which the plaintiff was a member, and was relieved of any duty as a superintendent. . The evidence offered by the plaintiff, on the other hand, had some tendency to prove that Corunkle, by taking up the work at the stoves, did not cease to be the plaintiff's foreman or superintendent. But it seems plain that the work of the stove man, whether performed by himself or temporarily, in his absence, by one who at other times acted as the foreman of a gang of laborers, was one of mere manual labor, as a .fellow servant of the plaintiff, having in it no feature or element of superintendence. The act of one charged with such a function in turning the blast from the furnace into one of the stoves cannot, under the rulings in this state, be regarded as an act of superintendence, within the meaning of the provision of subdivision 2 of the employer's laibility statute.—Code, § 3910; *Dantzler v. DeBardeleben Coal & Iron Co.,* 101 Ala. 309, 14 South. 10, 22 L. R. A. 361; *Smith v. Pioneer Mining & Mfg. Co.,* 146 Ala. 234, 41 South. 475.

We are unable to discover any distinction in principle between the last cited .case and the one under consideration. In that case the foreman of the gang of laborers of which the plaintiff was a member, while himself acting as a laborer in handling hot slag with a ladle, spilled some of the contents of his ladle upon the plaintiff's foot. In other words, the plaintiff there was burned by his foreman letting hot slag fall upon

him.  In the present case the plaintiff was burned by his foreman, while acting not as foreman or superintendent, but as a stove tender—a mere manual laborer —letting a blast from the furnace into the stove in which the plaintiff was at work.  In the case referred to it was held that, though the negligence relied on was that of a person intrusted by the defendant with superintendence, it was not his negligence "whilst in the exercise of such superintendence" for which the employer is by the statute made responsible.  The similarity between the two cases is such that the court does not feel at liberty to reach a different conclusion in the present one.

It follows that the refusal to give the general affirmative charge in its favor, requested by the defendant, must be declared to have been erroneous.  If this court was at liberty to deal with the question presented without regard to the previous rulings above referred, to, it would be its duty to weigh considerations opposed to the view adopted.—2 Labatt on Master and Servant, § 688.

Reversed and remanded.