(81 South. 569)
VANDIVER v. DE BARDELEBEN COAL CO. (6 Div. 787.)

(Supreme Court of Alabama. April 10, 1919.)

1. MASTER AND SERVANT ⊝185(12)—INJURY TO EMPLOYÉ—FELLOW SERVANT—OPERATION OF COAL-CUTTING MACHINE.

Where a coal-cutting machine operator's assistant, who was subject to the operator's orders, was injured by the negligence of the operator in prematurely starting the machine, employer was not liable, since the operator in starting machine was not acting as a superintendent, but as an ordinary laborer and as assistant's fellow servant.

2. MASTER AND SERVANT ⊝139, 158—INJURY TO SERVANT—PROXIMATE CAUSE—FAILURE TO INSTRUCT SERVANT.

Where "scraper" assisting coal-cutting machine operator was injured as a result of negligence of the operator in prematurely starting the machine, employer was not liable by reason of superintendent's negligence in failing to warn scraper of dangers of his work, or operator's negligence in ordering scraper to take up slack with machine in motion; such negligence not being proximate cause of injury.

3. APPEAL AND ERROR ⊝1040(4)—REVIEW—HARMLESS ERROR.

In employé's personal injury action, sustaining of demurrer to count charging negligence of superintendent in failing to instruct employé in operation of machine was harmless, where injury was in no possible sense attributable to his lack of knowledge or skill in operation thereof.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by Kelly Vandiver against the De Bardeleben Coal Company for damages for injuries while engaged in his employment. Judgment for defendant, and plaintiff appeals. Affirmed.

While engaged in defendant's service as a scraper behind an electrically driven coal-cutting machine operated by one Guttery, plaintiff was struck and injured by the lever of the machine which he was operating for the purpose of taking up the slack in the chain.

Complaint is in six counts. Counts 1 to 4 are framed under subdivision 2 of the employer's liability statute, and charge that Guttery, the superintendent of the defendant, was negligent in the exercise of the superintendence: (a) In that he ordered plaintiff to take the slack out of the chain of the electric machine, and negligently started the machine while plaintiff had hold of the lever; (b) in that he negligently caused or allowed said machine to be put in motion while plaintiff had hold of a part of it; (c) in that he failed to instruct plaintiff as to the proper manner of operating said machine, knowing that plaintiff was inexperienced in that line of work; (d) that he negligently caused or allowed said lever to strike plaintiff. Count 5 is framed under the same subdivision as the counts above referred to, and charges that Langley, the mine foreman of the defendant, was negligent in his superintendence, in that he removed plaintiff from his regular work of track cleaning and put him to the most dangerous of scraping after the electrical machine, and negligently failed to instruct him as to the danger of the work knowing that he was inexperienced in such work. Count 6 is framed under subdivision 3 of the statute, and charges that Guttery, to whose orders plaintiff was bound to and did conform, negligently ordered the plaintiff or directed him to tighten the chain on the electrical machine while it was in operation, which it was highly dangerous for plaintiff to do. The court sustained the demurrers to count 3, but overruled the demurrers to all the other counts, and at the conclusion of the evidence gave at the request of the defendant the general charge.

Leith & Powell, of Jasper, for appellant.
J. H. Bankhead, Jr., and M. E. Nettles, both of Jasper, for appellee.

SOMERVILLE, J. The evidence shows that defendant's servant, Guttery, was intrusted with the operation of the electric coal-cutting machine, and that defendant's mine foreman, Langley, assigned to plaintiff the duty of assisting Guttery as "scraper"; his duty being, specifically, to throw back the slack coal from the cutting, and help to move it, and also to take up the slack

in the chain whenever that was necessary. As Guttery's assistant, he was subject to Guttery's orders.

If the jury believed plaintiff's testimony, the machine was still when, at Guttery's request, he undertook to take up the slack in the chain, and while his hand was pressing the lever, and the "dog" was being moved from one notch to another, Guttery applied power to the machine, and the sudden jump that resulted caused the lever to escape and rebound, so as to strike and injure plaintiff.

[1] On plaintiff's statement and theory of the case, his injury was clearly the result solely of the negligence of Guttery in starting or accelerating the machine prematurely. In doing this, Guttery was not acting as a superintendent, but as an ordinary laborer and fellow servant of plaintiff. For his negligence in that capacity, plaintiff was not entitled to recover. K. C., etc., R. R. Co. v. Burton, 97 Ala. 240, 12 South. 88; Dantzler v. De Bardeleben Coal Co., 101 Ala. 309, 14 South. 10, 22 L. R. A. 361; Freeman v. Sloss-Sheffield S. & I. Co., 137 Ala. 481, 34 South. 612; L. & N. R. R. Co. v. Andrews, 171 Ala. 200, 54 South. 553; Linderman v. Tenn., etc., Co., 177 Ala. 378, 58 South. 900.

The only contradiction of plaintiff's testimony is found in the testimony of Guttery, who denies that he gave any instruction to plaintiff on this occasion, and who says that the machine had not stopped and become stationary just prior to plaintiff's injury. And Guttery significantly says that—

"Plaintiff laid down his shovel and went back, and I reversed the machine to pull back, and I heard him holler, and I went to him."

But, whatever may have been the conclusion of the jury as to these contradictions, the only possible inference from the entire testimony was that Guttery's negligent operation of the machine was the sole proximate cause of plaintiff's injury, either by reason of the sudden starting of the machine while it was stationary, or by reason of the sudden reversal of the machine while it was moving, and while plaintiff was operating the lever.

[2] In view of this testimony, and these alternative inferences which are exclusive of all others, a recovery could not be predicated on Langley's failure to warn plaintiff of the dangers of his work behind the machine, nor on Guttery's alleged negligence in ordering plaintiff to take up the slack while the machine was in motion; for it is clear that neither of these things was the proximate cause of plaintiff's mishap.

The trial court was therefore justified in ignoring the issues made by counts 5 and 6, and in giving for defendant the general affirmative charge on the whole case.

[3] For the same reason, if there was error in sustaining the demurrer to count 3, it was error without injury, since, on plaintiff's own testimony, he understood how to take out the slack, and his injury was in no possible sense attributable to this lack of knowledge or skill in that regard.

It results that the assignments of error are without merit, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.