(84 South. 410)

### CORONA COAL CO. v. WELLS.
### (6 Div. 567.)

(Court of Appeals of Alabama. Nov. 18, 1919. Rehearing Denied Dec. 16, 1919.)

1. MASTER AND SERVANT ⊙⟾182(1)—SUPERINTENDENT'S NEGLIGENCE ACTIONABLE WHEN OCCURRING IN EXERCISE OF SUPERINTENDENCE.

To create a liability under Code 1907, § 3910, subd. 2, it is not sufficient to merely show that injury was caused by the negligence of the employé who had superintendence intrusted to him, but it must appear that the negligence occurred while the offending employé was in the exercise of such superintendence.

2. MASTER AND SERVANT ⊙⟾182(1)—SUPERINTENDENT'S NEGLIGENCE WHILE DOING MANUAL LABOR HELD NOT ACTIONABLE.

Defendant coal company was not liable under Code 1907, § 3910, subd. 2, for employé's injuries from a rock falling where the person, to whom superintendence was alleged to have been intrusted, himself dug up the rock and caused it to fall and was then acting under the superintendence of a superior, known as the pit boss or bank boss, who was present; the person digging up the rock not acting in a dual capacity of superintendent and laborer, but performing a mere act of manual labor.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by E. B. Wells against the Corona Coal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A. F. Fite, of Jasper, for appellant.

The defendant was entitled to an instructed verdict, and the court erred in refusing the charges directed to that end. 171 Ala. 204, 54 South. 553; 146 Ala. 234, 41 South. 475; 171 Ala. 274, 55 South. 187; 137 Ala. 481, 34 South. 612; 101 Ala. 309, 14 South. 10, 22 L. R. A. 361.

Davis, Pennington & Wiggins, of Jasper, for appellee.

There is no error in the record, and the judgment is to be affirmed. 177 Ala. 389, 58 South. 910; 49 South. 685; 121 Ala. 50, 25 South. 793, 77 Am. St. Rep. 17; 188 Ala. 337, 66 South. 85; 146 Ala. 234, 41 South. 476; 97 Ala. 240, 12 South. 88; 194 Ala. 390, 69 South. 610.

BRICKEN, J. Action by Wells (appellee), plaintiff in the court below, against appellant, for personal injuries. The complaint, after amendments, consisted of five counts. All of the counts, except count 4, were eliminated, either by sustaining demurrers thereto or by affirmative charge for the defendant. The case was tried upon count 4. This count was based upon subdivision 2, § 3910, of the Code 1907, and the negligence was charged as follows:

"Plaintiff avers that he suffered his said injuries and damages by reason and as a proximate consequence of the negligence of one Floyd Jackson, whose name to plaintiff is otherwise unknown, and who was, on, to wit, said date, in the service of the defendant and to whom superintendence had been intrusted, and whilst in the exercise of said superintendence, which negligence consisted in this, the said Floyd Jackson negligently permitted the said

⊙⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rock, slate, or other hard substance, to fall against plaintiff."

[1] To create a liability under subdivision 2 of section 3910 of the Code 1907, it is not sufficient to merely show that injury was caused by the negligence of a person in the service or employment of the master or employer who had superintendence intrusted to him, but it must appear that the negligence occurred while the offending employé was in the exercise of such superintendence. Linderman v. T. C. I. & R. R. Co., 177 Ala. 378, 58 South. 900; Louisville & Nashville R. R. Co. v. Andrews, 171 Ala. 200, 205, 54 South. 553; Smith v. Pioneer Mining & Mfg. Co., 146 Ala. 234, 41 South. 475; A. G. S. Ry. Co. v. Cardwell, 171 Ala. 274, 55 South. 185; Freeman v. S. S. S. & I. Co., 137 Ala. 481, 34 South. 612; Dantzler v. De Bardeleben Coal & Iron Co., 101 Ala. 309, 14 South. 10, 22 L. R. A. 361. See, also, Vandiver v. De Bardeleben Coal Co., 202 Ala. 627, 81 South. 569.

[2] The evidence in this case shows that the plaintiff was injured by the falling of a rock; that the rock was caused to fall by the fact that it was dug up by Floyd Jackson, who was a person to whom superintendence had been intrusted. However, the evidence does not show that the act of digging the rock was done by said Floyd Jackson while in the exercise of the superintendence intrusted to him. To the contrary, the evidence is without dispute that at the time of the alleged injury Jackson, by digging into the earth, was merely performing an act of manual labor and was at the time acting under the superintendence of a superior, one Mr. Lang, known as the pit boss, or bank boss, who was present and to whom Jackson was to report whether it would be advisable to shoot or dig the bank.

It is true that it has been held in the case of Linderman v. Tenn. C. I. & R. R. Co., supra, that, where the superintendent is acting in a dual capacity, his employer would be liable for his negligent act. However, the evidence in this case shows that Jackson was acting alone in digging up the rock, and it cannot be said that he was directing or superintending his own act at that time. In this connection, we quote from the opinion in Smith v. Pioneer Mining & Mfg. Co., supra, as follows:

"Assuming that Blair was a superintendent within the meaning of the statute, and that he was guilty of negligence, yet we are not of the opinion that liability for such negligence has been shown for the reason that it does not appear it occurred while he was in the exercise of the superintendence with which he had been intrusted. On the contrary, he was performing a mere act of manual labor having in it no quality or element of control or direction. The work that was being done by the plaintiff was very simple, and at the time of the injury no orders or directions were given to him. In

no proper sense can it be said that Blair was directing or superintending his own act at that time."

It follows therefore that the affirmative charge which was requested in writing by the defendant should have been given. For this error the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.