MICHAEL ROCHE *vs.* LOWELL BLEACHERY.

Middlesex.    March 20, 21, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* Employers' liability act, exercising superintendence.

In an action under the employers' liability act for injuries caused by the alleged negligence of the defendant's superintendent while exercising superintendence, it appeared, that the plaintiff operated a washing machine in the defendant's bleachery, and that while he had stopped his machine and had gone out of sight on a floor above in order to tighten certain cylinders which dragged the cloth along as it came from his machine, the superintendent came by and negligently with his own hand started the machine, causing the plaintiff's injuries. *Held,* that starting the machine was an act of superintendence.

TORT by a workman in the defendant's bleachery for injuries received while tightening certain cylinders called binders connected with a washing machine operated by the plaintiff, by reason of the negligence of one Royer, the defendant's superintendent, in starting the plaintiff's machine. Writ dated June 18, 1900.

In the Superior Court before *Hardy*, J., the defendant requested the judge to rule, that there was no act of Royer as superintendent which caused the injury or contributed to it, and that the act of Royer in starting the machine was the act of a fellow servant and not an act of superintendence under the statute.

The judge refused to give these and other rulings requested by the defendant. The jury returned a verdict for the plaintiff in the sum of $4,000; and the defendant alleged exceptions.

*G. F. Richardson*, (*F. N. Wier* with him,) for the defendant.

*C. W. Bartlett & E. R. Anderson*, (*J. P. Feeney* with them,) for the plaintiff.

HOLMES, C. J. This is an action of tort under the employers' liability act, now R. L. c. 106, § 71, cl. 2, to recover for personal injuries alleged to have been caused to the plaintiff, an employee, by the negligence of a superintendent, one Royer. It is not disputed that the plaintiff was using due care, or that the act which caused the injury was done by a person whose sole or principal duty was that of superintendence, or that there was evidence that it was negligent; the only question argued on the exceptions is whether there was any evidence that that specific act was an act of superintendence.

The plaintiff ran a washing machine for the defendant. In connection with this machine were certain cylinders called binders, which revolved and dragged the cloth along as it came through the plaintiff's machine. These binders frequently became loose, and it was the plaintiff's duty to tighten them. In order to do so he had to stop his machine and go up to another floor out of sight of the machine. At the time of the accident the binders had become loose and the plaintiff was tightening them in this way, having first stopped his machine, when the superintendent came along and set the machine running, by reason of which the plaintiff was caught in the shafting above.

It is well understood that an employer is not liable for every act done by a person engaged in superintendence, even if done to help in carrying out an order which the latter himself has given, and that different minds may differ as to where the line shall be drawn. *Joseph* v. *George C. Whitney Co.* 177 Mass. 176, 177. But we are of opinion that the jury was warranted in finding if not bound to find for the plaintiff in this case if it found the facts to be as the plaintiff contended. The negligence, if there was any, did not consist in the mechanical details of carrying out a proper order; it consisted in setting the machine in motion at that time. If the superintendent had told another workman to start it up, probably the case would not be here. It is true, perhaps, that that could not be accepted as a universal test, because often the negligence is due to the consciousness of the party not having been directed to the point of complaint, which the hypothesis of a direction assumes it to have been. But the test seems to be of use when, as here, the precise object of the superintendent's conception was improper. In such a case the proximity between the brain that conceived and the subordinate ganglion that carried out the thought seems not to be a ground of exoneration. See *O'Brien* v. *Look*, 171 Mass. 36. Supposing the order to have been given, it would have been of sufficient importance and would have risen enough above merely mechanical execution of the work that might have come from any workman to be matter of superintendence. Indeed one might say shortly that except as superintendent Royer had no business to meddle with the machine.

*Exceptions overruled.*