# Sloss-Sheffield S. & I. Co. *v.* Austell.

*Injury to Servant.*

(Decided May 13, 1909. 49 South. 685.)

*Master and Servant; Injury to Servant; Acts of Superintendence.*—Where the servant was an oiler and his immediate superintendent ordered him to prize off an engine which had stopped on the top center so that the steam in the cylinder could not move it, and the superintendent knew that he had let the steam into the cylinder

[Sloss-Sheffield S. & I. Co. v. Austell.]

and that it would cause the engine to start suddenly when it was moved off the center, and the servant was thereby injured, such was negligence in the superintendent in his superintendence of the servant, although the superintendent is also the engineer in charge of the engine.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Ed Austell against the Sloss-Sheffield Steel & Iron Company for injuries received while in its employment. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, GRUBB, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court should have charged the jury that under the evidence the plaintiff could not recover under the 1st count of the complaint since the engineer who actually operated the engine with his own hands is not a person entrusted with superintendence under the Employer's Liability Act.— *Dantzler v. DeBardelaben C. & I. Co.,* 101 Ala. 309.

BOWMAN, HARSH & BEDDOW, for appellee. The complaint did not complain of the starting of the engine by the engineer, but of the failure of the boss who happened to be the engineer to exercise that clear duty which he owed his subordinate after placing him in a position of peril to warn or inform him of the danger known to the boss or to cause him to move from the position he was in.—*K. C. M. & B. R. R. Co. v. Burton,* 97 Ala. 240; *Roche v. Lowell Bleachery,* 181 Mass. 481.

SIMPSON, J.—This action was brought by the appellee against the appellant to recover damages for an injury received by the plaintiff while in the employment of the defendant. The first count of the complaint alleges that the plaintiff's injury was due to "the negli-

gence of a person in the service or employment of the defendant, who had superintendence intrusted to him," and states that said person was the engineer "who, on behalf of the defendant, had superintendence of plaintiff," and that he "negligently caused or allowed plaintiff to be caught, injured and damaged." The plaintiff testifies that said engineer had charge and control of him, and was his boss; that plaintiff was oiler in the engine room; that the engine was "on the top center;" that it had gotten into a position where the steam would not move it, until it was prized off the center; that if steam is left in the cylinder, or turned on while the engine is being prized off, the instant it is moved off the center the engine turns rapidly and causes injury to the party prizing, as it did to him; that it was the duty of the engineer to turn the steam on and off; and that the engineer ordered him to prize the engine off.

The appellant insists that the general charge should have been given in favor of the defendant on said first count because the engineer was not engaged in any superintendence over plaintiff in turning the steam on, but only in his general duty of managing said engine. It will scarcely be denied that, if some one else had been engineer, and plaintiff's boss had ordered him to do this work, knowing that the steam was in the cylinder, or that it would be turned on while the plaintiff was at work, and that the result would probably be injury to the plaintiff whenever he got the engine off the center, said boss would be guilty of negligence in superintending the plaintiff. That being the case, the fact that the boss was also the engineer, and not only knew that the steam was in the cylinder, but put it in that condition, cannot make him any less negligent.

The judgment of the court is affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.