# Louisville & Nashville Railroad Co. v. Hutcherson.

## *Injury to Servant.*

(Decided January 9, 1912. 57 South. 375.)

1. *Charge of Court; Directing Verdict.*—Where there was evidence tending to support plaintiff's complaint, the defendant was not entitled to have the verdict directed.

2. *Appeal and Error; Review; Denial of New Trial.*—Where the evidence is conflicting, and its preponderance depends upon the credence given it, an appellate court will not review the action of the trial court denying a new trial on that ground.

3. *Master and Servant; Injuries to Servant; Contributory Negligence.*—Where the door on top of a refrigerator car fitted down so closely as to be even with the roof, and only a chain extended from it, and the servant was injured in opening the door, he could not as a matter of law be said to be guilty of contributory negligence in using the chain to open the door.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by Richard H. Hutcherson against the Louisville & Nashville Railroad Company, for injuries received while in its employ. Judgment for plaintiff and defendant appeals. Affirmed.

R. T. GOODWYN, for appellant. Counsel insist that defendant was entitled to the affirmative charge under the evidence in this case.—*Peters v. Southern Ry. Co.*, 135 Ala. 533. Motion for a new trial should have been granted.—*Bingham v. Davidson*, 141 Ala. 551.

HILL, HILL, WHITING & STERN, for appellee. Counsel discuss the evidence and insist that there is no error in the record, and that consequently, the cause should be affirmed, but they cite no authority in support of their contention.

McCLELLAN, J.—Action for personal injury, by the servant against the master (appellant). The issues raised by the two counts, viz., 1 and 5, were submitted to the jury. Both proceeded under the first subdivision of the employer's liability statute.—Code, § 3910.

The plaintiff was, when injured, engaged in raising a ventilator door in the top of a refrigerator car, which door was intended to fit, when down, flush with the roof surface of the car. Attached by a staple near the unhinged edge of the door was a chain, to the end of which there was a pin for use in latching the door, when open, to a level corresponding with the holes in an upright (from the car roof) iron piece. The first count described the defect and means of injury as follows: "Which chain   *   *   *   was weak, insecure, or otherwise defective,   *   *   *   and while he (plaintiff) had a hold of said chain in the performance of his duties as aforesaid said chain broke or came aloose, and

thereby he fell," etc. The fifth count contained this description of the defect: "The door on the top of said car from which plaintiff fell as foresaid was weak, insecure, decayed, or otherwise defective, and as a proximate consequence thereof * * * * the chain attached thereto and forming a part thereof broke or came aloose from said door," causing the injury.

There was evidence, and inference therefrom, tending to support material quoted averments of these counts. Hence the affirmative charges requested by defendant (appellant) could not have been properly given. The plaintiff testified that the "chain broke"; that "the chain was old and rusty"; that "the chain was old and rusty, and that it broke." On the cross-examination he testified "that this was the first time a chain ever broke or pulled out with him." If a distinction is to be taken between the breaking of the chain and the pulling out of the chain, it was for the jury to determine to which theory of the fact they would give their credence. In either case the broad averments that the chain "broke or came aloose," comprehended the status shown by either phase of the testimony of the plaintiff. Other testimony tended to show that the chain pulled out—came loose.

The quoted averments of count 5 also found support in the testimony. It was shown, by some of the evidence, that the chain broke or came loose; that the staple, attaching the chain to the door, pulled out; that one important office or function of the chain was to raise the door, there being no other means of getting a hold of the door to raise it, when it was down flush with the roof of the car or below the level. From this testimony, and the circumstances attending the event, obviously it was open to inference, at least, that the door was weak, decayed, insecure, or otherwise defec-

[Louisville & Nashville Railroad Co. v. Hutcherson.]

tive. Being so, the court could not properly take the questions from the jury, as the affirmative charge sought to do.

Nor were the pleas of contributory negligence conclusively proven. Aside from any other consideration in respect thereto, that phase of the testimony tending to show that the chain's office or function was to afford means to lift the door—the only means when it was flush with or below the roof surface—required the jury's decision to be taken. If the jury credited this testimony, it could not be said that the plaintiff was negligent in using the chain to raise the door. That the testimony upon the several issues was in conflict, of course, emphasizes the correctness of, rather than refutes, the conclusion that the material issues in the case were for the jury's determination. There was, hence, no error in overruling the motion for a new trial. The evidence was in conflict. Its preponderance for or against the several contentions of the respective litigants depended upon the credence given it. In such a case it cannot be said, on appeal, that the trial court erred in denying a new trial.

We have treated all of the assigned errors urged in brief for appellant. No error appearing, the judgment is affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.