# Stephens & Donaldson, *et al. v.* Pierson.

*Damage for Injury to Servant.*

(Decided June 19, 1913. 62 South. 969.)

1. *Master and Servant; Injury to Servant; Complaint; Negativing Defenses.*—Where a servant sues the master for personal injuries alleged to be due to the negligence of the master, the complaint need not negative the servant's contributory negligence or the fact that he had knowledge of the danger or defect.

2. *Same; Relationship; Evidence.*—The evidence in this case examined and held sufficient to authorize a finding by the jury that the relation of master and servant existed.

3. *New Trial; Review; Conflicting Evidence.*—Where the evidence is conflicting, and the appellate court cannot say that it palpably fails to support the verdict, it will not review the action of the trial court in denying a motion for new trial on that ground.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON·GUNTER. ·

Action for personal injuries by Sam Pierson against Stephens & Donaldson and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

The complaint is as follows: "Plaintiff claims of defendants $5,000 as damages, for that heretofore, to wit, on the 25th day of September, 1911, defendant were engaged in the business of building or repairing houses in the city of Montgomery, Ala., and were on, to wit, said date, engaged in the business of building or repairing a certain house on Goldthwaite street, in the city of Montgomery, Ala., and plaintiff avers that on said day and date he was in the service or employment of defendants and engaged in and about the business of defendants, and, while then and there acting within the line and scope of his employment as such servant or agent in the business or service of defendants, namely, in coming down or getting down from the joists or ceiling of said house to the floor thereof upon a certain ladder or walkway of defendants, said ladder or walkway fell with plaintiff, and as a consequence thereof plaintiff suffered the following damages: [Here follows catalogue of injuries.] Plaintiff alleges that said ladder or walkway gave way or fell as aforesaid, and plaintiff suffered such injuries and damages by reason of and as a proximate consequence of a defect in the condition of the works, ways, machinery, or plant used in and connected with the business of defendants, which defect

arose from or had not been discovered or remedied owing to the negligence of defendants or of some person in the service or employment of defendants, and intrusted by them with the duty of seeing that said works, etc., were in proper condition, in this, said ladder or walkway was weak, insecure, or otherwise defective." Count 2 is the same as 1, and the defect is alleged as follows: "Said ladder or walkway was insecurely nailed, fastened, or made stationary, or otherwise defective." The third count is the same as the first, except the allegation of the defect is as follows: "The floor upon which the foot of said ladder stood or rested was slick, insecure, or otherwise defective, so that said ladder slipped and fell as aforesaid." The fourth count alleges the same facts as the first; the negligence being alleged to be a negligent failure to provide plaintiff with a reasonably safe place in which to do his work.

LETCHER, McCORD & HAROLD, for appellant. Counsel discuss the assignments of error arising on the original trial, but without citation of authority. They insist that a new trial should be granted because of the fact as a matter of law under the evidence, plaintiff was an employee of one McLendon, and not an employee of defendant.—*Dallas Mfg. Co. v. Townes,* 148 Ala. 675; *Lookout Mt. I. Co. v. Lea,* 144 Ala. 169.

L. A. SANDERSON, for appellee. The first count was good.—*Bir. R. M. Co. v. Rockhold,* 42 South. 96. The 2nd and 3rd counts were good.—*Sloss-S. S. & I Co. v. Tilson,* 37 South. 427. The 4th count was good.—*Wolfe v. Smith,* 42 South. 824. Under the well known doctrine asserted in the case of *Cobb v. Malone,* and since followed by the courts, the action of the court in refus-

[Stephens & Donaldson, et al. v. Pierson.]

ing a new trial where the evidence is conflicting, will not be disturbed on appeal.

PELHAM, J.—The appellants were sued in the trial court by the appellee for $5,000 damages for injuries alleged by appellee to have been received by him as a laborer in the employ of the appellants, while he was engaged in doing certain work in and about remodeling a dwelling in the city of Montgomery, that was in the course of being repaired or remodeled by appellants, as contractors. There was a recovery of $100 against the appellants, and from that judgment and a judgment overruling a motion for a new trial this appeal is prosecuted.

Under the ruling of the Supreme Court, the trial court committed no error in overruling the appellants' demurrers to the first, second, third, and fourth counts of the complaint.—*Birmingham Rolling Mills Co. v. Rockhold,* 143 Ala. 115, 42 South. 96; *Sloss Iron & Steel Co. v. Tilson,* 141 Ala. 152, 37 South. 427; *Wolf v. Smith,* 149 Ala. 457, 42 South. 824, 9 L. R. A. (N. S.) 338; *Jackson Lumber Co. v. Cunningham, Adm'r,* 141 Ala. 206, 37 South. 445; *West Pratt Coal Co. v. Andrews,* 150 Ala. 368, 43 South. 348; *So. Cotton Oil Co. v. Walker,* 164 Ala. 33, 51 South. 169. It was not necessary that the employee, suing for personal injuries alleged to be due to the negligence of the employer, should in the complaint negative his own contributory negligence.—*So. Ry. Co. v. Bentley,* 1 Ala. App. 359, 56 South. 249. It is unnecessary for the plaintiff to negative in the complaint that he had knowledge of the defect.—*Broslin v. K. C. M. & B. R. R. Co.,* 114 Ala. 398, 21 South. 475.

The evidence was in conflict as to whether the appellee was an employee of the appellants at the time he

received the alleged injuries complained of. The evidence of the defendant was to the effect that such a relationship did not exist. The testimony of the witness McLendon was equivocal as to whether the relation of master and servant existed between the appellee and the appellants, and as to whether, in securing the services of the appellee, he (McLendon) was acting for the employer in the nature of a vice principal or in the relation of an independent contractor.—*A. G. S. R. R. Co. Co. v. Vail*, 142 Ala. 134, 38 South. 124 110 Am. St. Rep. 23; *Smith v. Pioneer Mining & Mfg. Co.*, 146 Ala. 234, 41 South. 475; *L. & N. R. R. Co. v. Lile*, 154 Ala. 556, 45 South. 699; *Rome & Decatur R. R. Co. v. Chasteen*, 88 Ala. 591, 7 South. 94. The evidence of the appellee was positive and pointed in going to establish the relation of master and servant between him and the appellants. There was also evidence going to show admissions made by the appellants of the existence of this relationship at the time the appellee received his injuries, and we cannot say under this state of the evidence that the duty rested upon the trial court to set the verdict aside as contrary to the evidence because of failure to show that the appellee was in the employ of the appellants at the time the alleged injuries complained of were received.

Where the evidence is conflicting, and the preponderance depends upon the credence given it, an appellate court will not review the action of the trial court denying a new trial on that ground.—*L. & N. R. R. Co. v. Hutcherson*, 174 Ala. 609, 57 South. 379.

The ground of the motion for granting a new trial based on the failure of the evidence to show that the ladder complained of as defective was a part of the ways, works, machinery, or plant of the appellants was not well taken. The appellee testified that he heard one of

the appellants give directions to fix the ladder for the particular use that was being made of it by the appellee at the time the injuries complained of were sustained by him. See *Sloss-Sheffield S. & I. Co. v. Mobley, Adm'r,* 139 Ala. 425, 36 South. 181, and authorities there cited.

The errors assigned do not show reversible error, and an affirmance must follow.

Affirmed.