# Sloss-Sheffield Steel & Iron Co. v. Terry.

## *Injury to Servant.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 678.)

1. *Appeal and Error; Submission; Filing Record.*—Where an appeal was taken in July, 1913, in vacation, it was returnable at the next term, beginning in November of that year, and where the transcript was filed on February 2, 1914, on the first day of the call of the division from which the appeal came, it was not subject to dismissal under Rule 41, Supreme Court Practice.

. 2. *Same; Bond; Dating.*—The omission to date the appeal bond is not fatal under the provisions of section 2886, Code 1907.

3. *Master and Servant; Injury to Servant; Safe Place to Work; Complaint.*—Under subdivision 1, section 3910, Code 1907, a com-

[Sloss-Sheffield Steel & Iron Co. v. Terry.]

plaint for injury from a defect in the ways, etc., using the language of the statute, and then averring "which defect consisted in this; a wall of ore and clay near which plaintiff was engaged in the performance of his duties at the time of his said injuries, was insecure and unsafe, so that a large embankment therefrom fell upon plaintiff to his injury, etc.," was sufficient and not demurrable.

4. *Same.*—A complaint which alleged that plaintiff's injuries and damages were proximately caused by reason of the negligence of one D, a person in the service or employment of defendant, to whose orders and directions plaintiff was bound to conform and did conform, which negligence was that D negligently ordered plaintiff to place a plank or piece of timber on which the wheels of the steam shovel were run, and in conforming to said order, an embankment fell on plaintiff, injuring him, was sufficient, and not subject to demurrer.

5. *Same.*—A similar count charging superintendence to said D, while in the exercise of such superintendence in negligently permitting an overhanging bank of iron ore and clay to be and remain in an unsafe condition near the place where plaintiff was engaged in the discharge of his duty, and as a proximate consequence thereof plaintiff was injured; and another count averring that the injuries and damages were proximately caused by said D in that he negligently allowed the work of defendant to be performed in a manner dangerous to the safety of plaintiff, whereby the embankment fell upon or against plaintiff was sufficient and not subject to demurrer.

6. *Same; Safe Place to Work; Defect.*—Where the condition from which injury is alleged to have resulted to a servant, was the immediate product of the progress of the work in which the servant was properly engaged, such condition did not constitute a defect within subdivision 1, section 3910, Code 1907.

7. *Same; Jury Question.*—Under the evidence in this case, the question of the negligence of the superintendent in ordering plaintiff to place a board under the wheels of an engine of a steam shovel, in the doing of which he was injured by the fall of a bank of clay and ore, and the question of plaintiff's contributory negligence was each for the jury.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Carlos Terry against the Sloss-Sheffield Steel & Iron Company, for damage sustained while in its employment. Judgment for plaintiff, and defendant appeals. Affirmed.

The case was submitted on counts 7, 10, 11, 12, 13, and 14 of the amended complaint.

Count 7 sufficiently appears from the opinion of the court.

Count 10 adopts the seventh count as to its charging part and avers plaintiff's injuries and damages to have been proximately caused by reason of the negligence of one Cliff Daniels, a person in the service or employment of defendant, to whose orders or directions plaintiff was bound to conform and did conform, which negligence consisted in this: That said Cliff Daniels negligently ordered plaintiff to take a plank or piece of timber upon which the steam shovel's wheels were to run, and in conforming to the order the said embankment of ore and clay fell upon plaintiff, injuring him.

Count 11 is also like count 7, the averment of injuries was the negligence of Cliff Daniels, a person who had superintendence intrusted to him, etc., while in the exercise of such superintendence, in that he negligently permitted an overhanging bank of iron ore and clay to be and remain in an unsafe condition near the place where plaintiff was engaged in the discharge of his duties, and as a proximate consequence plaintiff was injured.

(12) Same as 7, averring the injuries and damage to have been proximately caused by reason of the negligence of Cliff Daniels intrusted with superintendence, etc., in that he negligently allowed the work of defendant to be performed in a manner dangerous to the safety of plaintiff, whereby the embankment fell upon or against plaintiff, as aforesaid.

(13) Same as 10.

(14) Under subdivision 1, of the Employers' Liability Act, in that a wall of ore and clay near which plaintiff was engaged in the performance of his duty at the time of his said injury was insecure and unsafe, so that a large embankment therefrom fell upon plaintiff and injured him.

The following are the excerpts from the court's oral charge: Assignment 8: Plaintiff is bound to conform to the orders of the superintendent, unless he orders him to go into a dangerous place, and that danger is obvious to plaintiff.

Assignment 9. It was the duty of plaintiff to obey the orders of his superintendent, unless the place where his superior ordered him to go was obviously dangerous to plaintiff.

Assignment 10: If the place where the superintendent ordered plaintiff to go was not obviously dangerous, but the superintendent knew it was a dangerous place, and in obedience to said order plaintiff went into said place and was injured, then plaintiff would not be guilty of contributory negligence.

E. B. ALMON, TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant.

R. T. SIMPSON, TRAVIS WILLIAMS, and KIRK, CARMICHAEL & RATHER, for appellee.

McCLELLAN, J.—(1, 2) The motion to dismiss the appeal is without merit. It appears from the certificate of the clerk that the appeal was taken July 11, 1913, in vacation, between terms of this court. In such case the appeal was returnable at the next term, viz., that beginning in November, 1913.—*Martin Machine Works v. Miller* 132 Ala. 629, 32 South. 305. The transcript on appeal was filed February 2, 1914, during the term to which the appeal was returnable. The transcript was filed on the first day of the call of the division to which this appeal belongs.—Rule 41, Supreme Court Practice (175 Ala. xx, 56 South. vi); *Street v. Street,* 113 Ala. 333, 21 South. 138; *Martin, etc., v.*

*Miller, supra; South. Ry. Co. v. Abraham,* 161 Ala. 317, 49 South. 801. The appeal and supersedeas bond was approved by the clerk on the date the appeal was taken, viz., July 11, 1913. The mere omission to date the bond is palpably without merit.—Code, § 2886.

The plaintiff (appellee) was, when injured, in the employment and service of the defendant (appellant). The work in progress was the "surface mining" of ore by means of a shovel. The shovel was operated by steam power afforded by an engine that, with the shovel's apparatus, was resting and moved upon a temporary woodway laid on the surface of the earth, so as to allow the "dipper" to scoop the ore out of the face of the bank ahead of the shovel. Plaintiff was the craneman, whose duty it was to operate the dipper, and to scoop out the dirt and ore in the bank, and to empty the contents of the dipper, after each scoop, into cars provided for the purpose of moving the material.

(3) The seventh count was drawn under the first subdivision of the Employer's Liability Statutes.— Code, § 3910. In the usual terms, following the statute, it ascribes the injury to a defect in the condition of the ways, works, etc., of the defendant, and then avers: "Which defect consisted in this: A wall of ore and clay near which plaintiff was engaged in the performance of his duty at the time of his said injuries was insecure and unsafe, so that a large embankment therefrom fell upon plaintiff, to his damage."

According to the apt authority of *A. G. S. R. R. Co. v. Davis,* 119 Ala. 572-582, 24 South. 862; *Jackson Lumber Co. v. Cunningham,* 141 Ala. 206, 213, 37 South. 445; *Huyck v. McNerney,* 163 Ala. 244, 254, 50 South. 926; *St. Louis R. R. Co. v. Sutton,* 169 Ala. 389, 400, 55 South. 589, Ann. Cas. 1912B, 366; *Pell City Co. v. Cosper,* 172 Ala. 532, 536, 55 South. 214; *Little Ca-*

*haba Co. v. Gilbert,* 178 Ala. 515, 520-523, 59 South.
445; *St. Louis R. R. Co. v. Phillips,* 165 Ala. 504, 510,
511, 51 South. 638; *Stephens v. Pierson,* 8 Ala. App.
626, 62 South. 969—count 7 was sufficient in all re-
spects, and was hence not demurrable. Neither the de-
cision nor the opinion in *T. C. I. & R. R. Co. v. Smith,*
171 Ala. 251, 55 South. 170, qualify the ruling and doc-
trine of the long line of decisions noted above. Like
considerations confirm the correctness of the trial
court's action in overruling the demurrer to the four-
teenth count.

(4) Counts 10 and 13 were also sufficient.—*Reiter-
Connolly Co. v. Hamlin,* 144 Ala. 192, 213, 40 South.
280; *L. & N. R. R. Co. v. Bargainier* 168 Ala. 567, 578,
53 South. 138, treating count 14 there under review.
The citation, in brief of *Bargainier's Case,* as authority
for a contrary conclusion, results from mistaking the
dissenting opinion for that of the majority.

(5) Neither the eleventh nor the twelfth counts were
subject to the demurrer.—*Woodward Iron Co. v. Mar-
but,* 183 Ala. 310, 62 South. 804.

The report of the appeal will contain a condensed
statement of all the counts mentioned above, except that
numbered 7, which has been quoted before.

(6) There is no assignment of error urged here as
for the refusal by the court of general affirmative in-
structions with respect to particular counts. But we
may here remark that there was no evidence tending
to show a defect in the condition of the ways, works,
etc., as, for instance, declared on in count 7.—*Lang-
horne v. Simington,* 188 Ala. 337, 66 South. 85. Where
the condition, from which the injury to the servant is
declared to have resulted, was the immediate product
of the progress of the work in which the servant was
properly engaged, that condition could not have been

a defect, within the first subdivision of the statute (section 3910).

The general affirmative charge on the whole case was refused to defendant. The insistence for error in this regard may be disposed of by the citation of the decision made in *Langhorne v. Simington, supra,* where, under similar circumstances, invoking the application of like principles, it was ruled that the question whether there was negligence of one intrusted with superintendence was correctly submitted to the jury.

(7) Manifestly there was no prejudicial error in the substance of the court's instructions, in this case, as set out in the excerpts purported to be made in assignments of error 8, 9, and 10.

There was evidence to the effect that plaintiff, who was the craneman in the service before described, had in the usual way in the operation of a steam shovel removed the earth carrying the ore from the face of the bank to an height of about 20 feet from the level of the base whereon rested the machine; that the "dipper" did not reach to the top of the bank, so that the gradual removal of the earth, by the scooping out process, gave a concave shape to the face of the bank, leaving about four feet of soft, overhanging earth that was liable at any time to fall and did fall to the level of the base of the machine; that plaintiff was fully aware of the instability of the earth forming the overhang and of its practically constant falling, in varying quantities, to the base level of the machine; that his place for operating the shovel was elevated and nearer the face of the bank than that of any other employee serving in that work; that Daniels, an employee of superior authority to plaintiff, ordered or directed plaintiff to move up, which necessitated his (plaintiff's) going to the base level and putting timbers under the wheels

of the machine; that, while obeying this order or direction, earth from the overhang fell upon him, causing his injury; that Daniels' duty was to watch the wall and to take care of the wall; and that Danieis knew or should have discovered, by the exercise of reasonable diligence, that earth from the, in degree, unsupported top of the bank was liable to fall at any moment, and that it had been falling to the base level, to which place his order sent plaintiff to lay the timbers on which to "move up" the machine nearer the bank.

It could not be affirmed, as a matter of law, that, under the circumstances disclosed by the evidence, Daniels was not negligent. If he knew of the danger from the falling earth to one engaged as he ordered plaintiff to serve, or if his duty required him to observe the condition of the bank's top—both jury questions under the evidence—and in breach of that duty he ordered plaintiff from a place of safety on the machine to a place of danger on the base level, it is clear there were bases laid for a finding of liability, unless plaintiff was himself contributorily negligent. If the plaintiff's injury had proximately resulted from the fall of the earth upon him while he was on the crane and engaged in the operation of taking the earth from the face of the bank, a very different question would be presented—a question that would be largely affected by the plaintiff's knowledge of the liability of the bank's overhang to fall at any moment. But the plaintiff's stated knowledge of the unstable condition of the earth at the top of the bank could not be accorded, as a matter of law, an effect to impute to plaintiff a disregard of the dictates of ordinary prudence in going to the place and serving where obedience to Daniels' order carried him. It was for the jury to determine whether plaintiff was

contributorily negligent in the light of his knowledge of the unstable condition of the overhanging earth.

The application of the familiar rule of *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, forbids the pronouncement of error in the trial court's refusal to set aside the verdict. There being no merit in the errors assigned and urged here, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.