(80 South. 426)

REPUBLIC IRON & STEEL CO. v. HARRIS. (6 Div. 687.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. TRIAL ☞140(2)—WEIGHING TESTIMONY—PROVINCE OF JURY.

Contradictions in plaintiff's testimony made its weight a matter for the jury.

2. MASTER AND SERVANT ☞287(3) — NEGLIGENCE OF SUPERINTENDENT—QUESTION FOR JURY.

Whether undertaking by one, having superintendence of muckers, to remove rock was in pursuance of orders of his immediate superior or of the concurrent judgment of both held a jury question.

3. MASTER AND SERVANT ☞286(28)—DUTY TO WARN—QUESTION FOR JURY.

Conflicting evidence as to whether superintendent of muckers notified plaintiff of intention to remove rock, and not to remain at his place of labor, presented a jury question.

4. PLEADING ☞53(2) — SEPARATE COUNTS — NEGLIGENCE OF SUPERINTENDENT.

In suit under superintendent clause of Employers' Liability Act by plaintiff "mucker" for personal injuries sustained by reason of falling rock, demurrers to counts, charging superintendence, respectively, in two named persons, held properly overruled.

5. MASTER AND SERVANT ☞279(5) — INJURY TO SERVANT—NEGLIGENCE OF SUPERINTENDENT—EVIDENCE.

In suit under superintendent clause of Employers' Liability Act by plaintiff "mucker" for personal injuries sustained by reason of falling rock, evidence held to warrant conclusion that plaintiff's injuries were due to negligence of immediate superior of superintendent of muckers while in discharge of superintendence.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Suit by Cullen Harris pro ami against the Republic Iron & Steel Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Percy, Benners & Burr, of Birmingham, for appellant.

Mathews & Mathews, of Bessemer, for appellee.

THOMAS, J. The suit was under the superintendent clause of the Employers' Liability Act (Code 1907, § 3910). The two counts on which trial was had charged the superintendence, respectively, in Mr. Willoughby and Mr. Freeman.

It is without dispute that plaintiff's duties were shown to have been those of a "mucker," to load ore in the heading, on cars, after the ore had been extracted by the miners; that there was a loose rock at the face of the heading, which, immediately preceding the injury of plaintiff, was inspected by Willoughby, who was in charge of that heading, and by the bank boss, Freeman. It is further shown that Willoughby had stated before said inspection that the rock "ought to have been pulled, but that it was too large; he was unable to pull it himself"; and that Freeman had said "he didn't think the rock would fall." Freeman was the immediate superior in authority to or superintendent over Willoughby, and the latter had superintendence of "that heading, and the muckers, drill helpers, etc.," had to obey him.

Plaintiff testified that he had not worked in the heading before that night, did not know the rock was loose, not having seen or looked at it, and no one had told him about the condition; that he was a mucker, working as such when the rock fell and injured him; that when he reached the heading that night his immediate superior or superintendent, Willoughby, was there, and told witness to "get the shovel and go to loading cars," and while so doing the rock fell on him "backwards towards the nuck (knuckle, we understand) from me," hurting

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

him in the legs and back in the manner related; that the bank boss, Freeman, came to the face of the heading that night where Willoughby was, and plaintiff was injured "directly after he (Freeman) left." 'On cross-examination the witness testified he did not know how long Willoughby had been pulling at the rock trying to get it down, and that when Willoughby pulled down this rock it injured him. On further cross-examination 'the witness said:

"I don't know whether he was pulling when he sent me away from this place or not. I did not see him there pulling when I went back; he was there, but did not know what he was doing, and did not see him pulling on the rock. I went right back up there where he was; I don't know whether he had the bar prized under the rock pulling; did not know whether or not he was pulling when he sent witness away."

On redirect examination the witness further testified:

"I did not know he was pulling on the rock. I did not know what he was doing; he had not told me he was going to pull this rock down or given me any warning or instructions to stay away from under that rock, or instructed or warned me of any danger in connection with the roof or face."

In this there was contradiction or a misunderstanding on witness' part of the questions propounded.

[1] The fact of a contradiction in plaintiff's testimony did not, however, warrant that his evidence be disregarded by the court, but made the weight which would be accorded it a jury question. Jones v. Bell, 201 Ala. 336, 77 South. 998; Powell v. Olds, 9 Ala. 861, 865, 866.

The bank boss, Freeman, did not testify. Witness for plaintiff gave evidence that the condition of the rock was called to his attention before the accident, and that he said he did not think it would fall. The immediate superintendent under him and that over plaintiff stated:

"Mr. Freeman had been there about 15 or 20 minutes before the accident happened, and he and I went in the face and examined this rock. I don't remember just what he did tell me about the rock; I could not say positively. The rock had cracks in it and sounded a little drummy. * * * That was the reason I wanted to take it down so as to make it safe for the men to work under there. * * * We had no timber at all in that heading. It was narrow work, and we were trying to work it so that the pillars would support the roof. Of course, we had to watch out for drummy places, and when it got drummy to take it down; that was the purpose of taking it down; it was liable to fall. Mr. Freeman was up in there. I don't remember just what he said about the rock. We looked at the rock and examined it while we were there; we examined while he was there, but I don't remember what he said about it. I went immediately to taking it down."

[2] This was evidence from which the jury might draw a reasonable inference as to whether Willoughby's undertaking to remove the rock after its inspection by him and the superintendent, Freeman, immediately after the former had inspected, was pursuant to his orders or of the concurrence in judgment of the two superintendents; that it was necessary the rock be immediately removed by an experienced miner. The evidence was open to such inference, notwithstanding the statement of Willoughby that he did not remember just what Freeman did tell him about the rock. L. & N. R. Co. v. Calvert, 172 Ala. 597, 55 South. 812; Herring v. L. & N. R. Co., 195 Ala. 422, 70 South. 749.

[3] The two superintendents in question had theretofore differed as to the dangerous condition of the rock, and after their subsequent conference and inspection of the rock it was immediately sought to be taken down by Willoughby. It is without question there was conflict in the evidence as to whether Willoughby notified plaintiff of his intention to remove the rock and not to remain at his place of labor while this was being done. Under both counts there was evidence, or reasonable inference to be drawn therefrom, presenting a jury question. Tobler v. Pioneer Co., 166 Ala. 482, 517, 518, 52 South. 86.

[4] The case was tried on counts C and D, charging, respectively, that the injury was the proximate consequence of the negligence of a person in the service or employment of the defendant who had superintendence intrusted to him, and while in the exercise of such superintendence, and said negligence consisted in this, namely, said person, to wit, "Charles Willoughby, whose true name is otherwise unknown to the plaintiff, negligently permitted plaintiff to work under or dangerously near a loose rock, or said person negligently failed to take down a loose rock which was dangerous and liable to fall and under or near which the plaintiff had to work, or said person negligently failed to notify the plaintiff while he was engaged at his work near said rock that said rock was liable to fall or about to fall"; and, to wit: "L. C. Freeman, negligently, in the exercise of such superintendence, failed to take down or cause said rock to be taken down, or said person negligently failed to warn plaintiff that said rock was loose and liable to fall, and not to work under or dangerously near the same." Demurrer to each count was properly overruled. Dwight Mfg. Co. v. Holmes, 73 South. 933;[1] T. C. I. & R. Co. v. Moore, 194 Ala. 134, 69 South. 540, and authorities; L. & N. R. Co. v. Jones, 130 Ala. 456, 30 South. 586; Little Cahaba Coal Co. v. Gilbert, 178 Ala. 515, 525, 59 South. 445; Republic Iron & Steel Co. v. Williams, 168 Ala. 612, 615, 53 South. 76; Sloss-Sheffield Co. v. Terry, 191 Ala. 476, 67 South. 678;

[1] 198 Ala. 590.

L. & N. R. Co. v. Wilson, 162 Ala. 588, 591, 50 South. 188; Robinson Min. Co. v. Tolbert, 132 Ala. 462, 31 South. 519.

Appellant assigns as error the giving, at plaintiff's request, written charge, which we denominate "F." The court had charged the jury, at defendant's request in writing:

"I charge you, gentlemen of the jury, that, if you believe the evidence in this case, defendant is not liable for the act of Charlie Willoughby in pulling down the rock which injured plaintiff."

"I charge you, genetlemen of the jury, that, if you believe the evidence that the said proximate cause of plaintiff's injury was the act of Charlie Willoughby in pulling down the rock which fell on plaintiff, then your verdict must be for the defendant."

As explanatory thereof plaintiff requested in writing and the court instructed the jury:

"The court has charged the jury that if you believe the evidence in this case defendant is not liable for the act of Charlie Willoughby in pulling down the rock which injured plaintiff. The court further charges the jury that if you believe from the evidence that Charlie Willoughby, while in the exercise of superintendence, negligently failed to notify plaintiff that he was engaged in or about taking said rock down, and that said rock was liable to fall, this would be evidence tending to establish liability."

The motion for a new trial is not rested on the giving of charge F. It is only designated in the eighth assignment of error as a charge given at plaintiff's request. Its substance would indicate that such was the fact. However, neither the record nor the bill of exceptions discloses this fact. We have not only examined the record as to this on the page indicated in the assignments of error, but the entire record and bill of exceptions for such indication, and each is silent. Hence we do not pass upon the sufficiency of charge F.

[5] The jury was warranted in drawing the inference from the evidence under count D that plaintiff suffered his injuries by reason of the negligence of superintendent, Freeman, while in the discharge of such superintendence, who was chargeable with the knowledge and nature of the danger from the loose rock, and of the probable consequence of permitting it to remain in that dangerous condition, and in the exercise of his superintendence negligently allowed plaintiff to go and continue at work thereunder or in dangerous proximity thereto. Choctaw Coal & Mining Co. v. Dodd, 79 South. 54–56;[2] Sloss-Sheffield S. & I. Co. v. Green, 159 Ala. 178, 181, 182, 49 South. 301; Sloss-Sheffield S. & I. Co. v. Austell, 161 Ala. 418, 49 South. 685, and authorities collected; Clinton Mining Co. v. Bradford, 76 South. 74.[3]

In the Austell Case the court declared of the negligence of the superintendent in ordering the servant "to prize off an engine which had stopped on the top center so that the steam in the cylinder could not move it, and the superintendent knew that he had let the steam into the cylinder," etc., that such negligence of the superintendent was not excused by the fact that the superintendent was also the engineer that turned on the steam causing the cylinder to move, etc. The Austell Case has a peculiar application to the negligence of a superintendent in sending or permitting the subordinate subject to his orders as superintendent in charge to remain at work thereunder or in dangerous proximity thereto, while he prized down the rock. This is not contrary to the announcements made in Johnson v. N. C. & St. L. R. Co., 177 Ala. 284, 58 South. 447; Linderman v. T. C. I. & R. Co., 177 Ala. 378, 58 South. 900.

The applicability of the Austell Case to the instant case is found in the distinction made by Linderman's Case, supra, as follows:

"It fastened the liability on the defendant as the result of negligence on the part of the engineer while exercising acts of superintendence, in this: That he negligently ordered the plaintiff to prize the engine off of the 'top center,' knowing that steam was left in or would get in the cylinder, and knowing that said engine would move rapidly the instant it was prized off the center. The gravamen of the action seems to have been the negligence on the part of the engineer, a superintendent, in ordering the plaintiff to do a thing which would probably result in injury to him, and not any negligence on the part of the engineer growing out of a mere manual act of a common workman." K. C., M. & B. R. Co. v. Burton, 97 Ala. 240, 245, 12 South. 88.

In A. G. S. R. Co. v. Skotzy, 196 Ala. 25, 31, 71 South. 335, it was pointed out that:

"There was no ruling by a majority of the court in that case (Johnson v. N. C. & St. L. Ry. Co., 177 Ala. 284 [58 South. 447]) that no negligence was shown."

The foregoing is not contrary to the conclusion reached in Dantzler v. De Bardeleben C. & I. Co., 101 Ala. 309, 14 South. 10, 22 L. R. A. 361; Freeman v. S. S. S. & I. Co., 137 Ala. 481, 34 South. 612; L. & N. R. Co. v. Carter, 195 Ala. 382, 388, 70 South. 655, Ann. Cas. 1917E, 292. For analogies of the cases from other jurisdictions, see 46 L. R. A. (N. S.) 773, 774.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.

---

[2] 201 Ala. 622.     [3] 200 Ala. 308.