*Wade H. Watson, solicitor,* contra.

---

14460. ATLANTIC COAST LINE RAILROAD CO. *v.* GRAY.

Under the law of Alabama (in which State the injury in question in this case occurred) the duty of a master to furnish the servant a safe place of work does not apply where the prosecution of the work itself makes the place a dangerous one.

Where the peril to the servant was one which he could readily avoid while executing an order, and was obvious, the master could assume that the servant would discover the peril and avoid it; hence such an order could not be said to have been negligently given, within the terms of the employer's liability statute of Alabama (Code of 1907, § 3910).

Construing the plaintiff's petition most strongly against him (as it must be construed), it appears that the injury in question was caused by his striking his foot against a spike which he and other members of his gang had negligently left standing in a cross-tie after they had removed the rail that he was carrying when injured, and that the spike was left standing at a sufficient height above the surface of the cross-tie to have been easily discovered by any person having ordinary eyesight, and he must have known of its existence and location, and by the exercise of the slightest care could have stepped around it and avoided the injury.

The petition, as amended, failed to set forth a cause of action, and the court erred in overruling the general demurrer.

DECIDED JUNE 12, 1923.

Action for damages; from city court of Tifton — Judge J. H. Price. March 14, 1923.

The plaintiff was employed by the defendant as a member of a "steel-gang" to remove rails from the defendant's railroad track, and while thus engaged, in the State of Alabama, sustained an injury to his leg, for which he seeks to recover damages in this suit. His petition sets out, in the third paragraph, the following facts: "That on the 22d day of July, 1922, your petitioner was

in the employ of the defendant at Dothan, Alabama, upon defendant's line of railroad, with steel-gang number 1, which said steel-gang were removing rails from said track under the direction of one George Harvey, a foreman in charge of said work employed by said company for that purpose, and your petitioner was directed by said foreman of said gang, in conjunction with another employee of said company, to pick up and carry or remove said steel rail from the track of defendant company's line of railroad, and carrying out said instructions of said foreman, together with his coemployee, took hold of said rail, raising the same up and undertaking to carry said rail and deposit it as commanded so to do by said foreman; and, in pursuance of said instructions and in line of your petitioner's work, and while undertaking to remove said rail, your petitioner, being in the exercise of ordinary care and diligence, walked upon the dismantled track of the defendant, and in so doing struck his right foot against a spike left standing in one of the cross-ties after the removal of said steel rail, and in so doing was thrown to the ground violently by the weight of said steel rail, and, in falling, the flange of the steel rail fell upon your petitioner with such force and violence that the weight of the said steel rail cut into the back of petitioner's left leg, near the heel, and completely severed the tendon of Achilles, cutting into the member of this petitioner as aforesaid a depth of one and one-half inches. Your petitioner here alleges that he was under duty to obey the instructions and commands of said foreman, and at the time of said injury as aforesaid your petitioner was carrying out said work for said company under the command and direction of said foreman, it being the duty of your petitioner to obey the instructions of said foreman in and about the work your petitioner was employed to do for said company as aforesaid."

The following acts of negligence are charged in the petition: "(a) In not preparing and having a safe place for your petitioner to work in. (b) In allowing said iron spike to remain in said cross-ties, from which said rails were being removed, a sufficient height above the surface of said ties to catch petitioner's foot, thereby causing him to fall to the ground, and said rail, which your petitioner was handling, to cause to fall upon said left leg and foot, inflicting the injury as aforesaid. (c) Defendant was further negligent in and through its agents, to wit, said foreman,

in giving commands to this petitioner to remove said rail and cross said track at a point where he would come in contact with said protruding spike in said cross-ties as aforesaid; your petitioner further shows that defendant, through its agents and servants aforesaid, knew that said place was not a safe place to work, or in the exercise of ordinary care and diligence could have known that said place was not a safe place to work in."

The plaintiff, by amendment to his petition, pleaded the following Alabama statute: "3910. Liability of master or employer to servant or employee for injuries. When a personal injury is received by a servant or employee in the service or business of the master or employer, the master or employer is liable to answer in damage to such servant or employee, as if he were a stranger, and not engaged in such service or employment, in the cases following: (1) When the injury is caused by reason of any defect in the condition of the ways, work, machinery, or plant connected with, or used in the business of the master or employer. (2) When the injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has any superintendence instrusted to him, whilst in the exercise of such superintendence. (3) When such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, to whose order or directions the servant or employee, at the time of the injury, was bound to conform, and did conform, if such injuries resulted from his having so conformed. (4) When such injury is caused by reason of the act or omission of any person in the service or employment of the master or employer, done or made in obedience to the rules and regulations or by-laws of the master or employer, or in obedience to particular instructions given by any person delegated with the authority of the master or employer in that behalf. (5) When such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has the charge or control of any signal, points, locomotive, engine, electric motor, switch, car, or train upon a railway, or of any part of the track of a railway. The master or employer is not liable under this section, if the servant or employee knew of the defect or negligence causing the injury, and failed in a reasonable time to give information thereof to the master or employer,

or to some person superior to himself engaged in the service or employment of the master or employer, unless the master or employer, or such superior already knew of such defect or negligence; nor is the master or employer liable under subdivision 1, unless the defect therein mentioned arose from, or had not been discovered or remedied owing to the negligence of the master, or of some person in the service of the master or employer, and intrusted by him with the duty of seeing that the ways, work, machinery, or plant were in proper condition; provided, that in no event shall it be contributory negligence or an assumption of the risk on the part of the servant to remain in the employment of the master or employer after knowledge of the defect or negligence causing the injury, unless he be a servant whose duty it is to remedy the defect or who committed the negligent act causing the injury complained of."

The defendant filed a demurrer, both general and special, to the petition as amended. The court overruled the demurrers, and to this judgment exception is taken.

*Murrow & Murrow, Bennet & Branch,* for plaintiff in error.

*Ridgdill, Ellis, Mitchell & Ellis,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The Supreme Court of Alabama, in construing the statute above quoted, and upon which this case is based, holds that the duty upon the master to furnish a servant a safe place in which to work does not apply where the prosecution of the work itself makes the place a dangerous one. See Sloss-Sheffield Steel & Iron Co. *v.* Terry, 191 Ala. 476 (6) (67 So. 678), where it is held: "Where the condition from which injury is alleged to have resulted to a servant, was the immediate product of the progress of the work in which the servant was properly engaged, such condition did not constitute a defect within subdivision 1, section 3910, Code 1907." And in Langhorne *v.* Simington, 188 Ala. 337 (3) (67 So. 85), it was held: "Where the prosecution of the work itself makes the place and creates its dangers, the rule requiring the employer to provide his employees with a safe place to work is without application." In the instant case the petition clearly shows that the dangerous condition of the place where the plaintiff was working was caused "by the prosecution of the work itself."

Moreover, the petition, construed, as it must be, most strongly

against the plaintiff, shows that the injury sued for was caused by the plaintiff striking his foot against a spike which *he himself,* and other members of his gang, had carelessly and negligently left standing in a cross-tie after they had removed the identical rail which he was carrying when injured, and that the spike was left standing at a sufficient height above the surface of the cross-tie to have been easily discovered by any one having ordinary eyesight and intelligence, and that the plaintiff was possessed of both. It is not even alleged that the plaintiff did not see the spike or did not know that it was standing in the tie at the time of his injury. Indeed, as the spike was left standing by the plaintiff himself, it is obvious that he must have known of its existence and location, and that by the exercise of the slightest care he could have stepped around it and avoided being injured. " A servant is expected to exercise some degree of intelligence, and the instinct of self-preservation, and is held to assume all injuries connected with his employment against which he may protect himself by the exercise of ordinary care." Woodward Iron Co. *v.* Marbut, 183 Ala. 310 (3) (62 So. 804). The master, when he commanded the plaintiff to remove the rail from the track, had the right to assume that he was an ordinarily prudent man and would not in executing the command walk into an obvious danger. " Where the peril to an employee was one which he might readily avoid while executing an order, and was obvious, the employer could assume that the employee would discover the peril and avoid it; hence, such an order could not be said to have been negligently given within the terms of subdivision 3, section 3910, Code 1907." Woodward Iron Co. *v.* Wade, 192 Ala. 651 (2) (68 So. 1008).

From what has been said, and under the particular facts of the case, it follows that the defendant was not liable, under any provision of the Alabama statute, for the injuries sued for. The court, therefore, erred in overruling the general demurrer to the petition.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*